IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02075-PAB-KMT

PLASMACAM, INC.,

　　Plaintiff,

v.

TROY WORDEN,

　　Defendant.

---

# ORDER

---

This matter is before the Court on plaintiff's Motion for Entry of Default Judgment Against Defendant Troy Worden Upon Hearing [Docket No. 39]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This case involves allegations of unauthorized use and duplication of plaintiff's copyrighted software against Troy Worden, the sole remaining defendant. Docket No. 1 at 4-5, ¶¶ 35-38. Because of the Clerk of Court's entry of default against Worden, Docket No. 26, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Plaintiff is the exclusive licensee of software used in conjunction with its "plasma-cutting" tables to cut metal. Docket No. 1 at 3, ¶ 21. In 2017, plaintiff learned that "illegally hacked" copies of its software "with full functionality [were] being sold on the black market." Docket No. 39 at 15, ¶ 4. That same year, plaintiff's "servers received a signal that [defendant] was

among the people who were using the hacked copies" of the software. *Id.* at 16, ¶ 7. Plaintiff alleges that defendant knowingly "received an unauthorized copy of the Protected Software and copied it onto one of [sic] more of his computers." Docket No. 1 at 4-5, ¶¶ 35-38.

Plaintiff alleges that, before receiving this unauthorized software, defendant had purchased authorized software from plaintiff. Docket No. 39 at 15, ¶ 5. When customers purchase authorized licenses of plaintiff's software, they agree to "jurisdiction in the District of Colorado" through a forum-selection clause. *Id.*, ¶ 3; *see also* Docket No. 43 (containing the user agreement and the forum-selection clause). Therefore, plaintiff alleges that, for defendant to have purchased and used his authorized copy, he must have agreed to plaintiff's terms, including the forum-selection clause. Docket No. 39 at 16.

Plaintiff filed this lawsuit on August 15, 2018 asserting claims for copyright infringement in violation of 17 U.S.C. §§ 106, 501(a). Docket No. 1 at 6-9. After defendant failed to respond to the complaint or otherwise appear in the action, plaintiff moved for entry of default. Docket No. 25. The Clerk of the Court entered default against defendant on January 28, 2019. Docket No. 26. On August 20, 2019, plaintiff filed a motion for default judgment against defendant. Docket No. 39.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the

Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* Charles Wright, Arthur Miller &

3

Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

### III. ANALYSIS

#### A. Jurisdiction

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has subject matter over the case and personal jurisdiction over defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case"). The Court finds that it has subject matter jurisdiction

4

pursuant to 28 U.S.C. § 1331 because plaintiff asserts claims under a federal statute.

The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff can satisfy its burden by making a prima facie showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will accept the well-pleaded allegations of the complaint as true in determining whether plaintiff has made a prima facie showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.* The plaintiff, however, may also make this prima facie showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Dudnikov*, 514 F.3d at 1070. "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Id.*

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)). Parties may consent to personal jurisdiction through the use of a forum-selection clause. *See Burger King v. Rudzewicz*, 471 U.S. 462, 473 (1985). Forum-selection clauses generally establish a prima facie case of personal jurisdiction. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

5

Plaintiff states that defendant agreed to a forum-selection clause when he initially downloaded a legal version of plaintiff's software. Docket No. 39 at 3, 15-16. As a result, plaintiff argues that defendant agreed to resolve any disputes in Colorado and the Court has personal jurisdiction over defendant. *Id.*

Forum-selection clauses, even ones contained in form contracts, are generally enforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991); *Kevlion, Inc. v. PetroChine Canada Ltd.*, 918 F.3d 1088, 1093-94 (10th Cir. 2019). The Tenth Circuit "will enforce a mandatory forum-selection clause unless the party challenging it 'clearly shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). However, the language of a forum-selection clause is crucial to determining whether a particular action falls within its scope. *See Kevlion*, 918 F.3d at 1093 (limiting the scope of a forum-selection clause based on "the conjunction linking the two clauses" in the forum-selection clause).

In an affidavit, an internet software specialist employed by plaintiff states that "PlasmaCAM requires authorized licensees of its copyright-protected software (the "Protected Software") to agree to submit to jurisdiction in the District of Colorado." Docket No. 39 at 15. Plaintiff has also filed with the Court the language of the forum-selection clause. Docket No. 43 at 4, ¶ 6. The clause states: "*Any* dispute relating to the products sold from GoTorch hereunder *shall* be *subjected* to the jurisdiction of the

courts within the State of Colorado." *Id.* (emphasis added).[1] As to the mandatory nature of the forum-selection clause, the Court finds that the clause's use of "shall" and "subjected" demonstrates that it is mandatory. *See Lawson v. Global Payments Inc.*, No. 18-cv-03360-PAB-SKC, 2019 WL 4412271, at *3 (D. Colo. Sept. 16, 2019) (noting "that the use of the word 'shall' in a forum[-]selection clause indicate[s] a 'mandatory intent.'" (quoting *Milk 'N' More*, 963 F.2d at 1346)). As a result, the clause should be enforced.[2] *See Niemi*, 770 F.3d at 1351. Additionally, given the breadth of the forum-selection clause, the Court finds that it applies to the copyright infringement dispute at issue here. Thus, because the clause is enforceable and applies to the dispute as issue, defendant agreed to jurisdiction in Colorado and, therefore, the Court has personal jurisdiction over defendant. *Milk 'N' More*, 963 F.2d at 1346.

The Court therefore concludes that it has subject matter jurisdiction over the case and personal jurisdiction over defendant.

### B. Copyright Infringement

To enter default judgment against defendant, the Court must find that defendant, based on the material allegations in the complaint, committed copyright infringement. The Copyright Act gives copyright owners the exclusive right to make copies and derivative works and gives copyright owners a cause of action against anyone who violates the rights of the owner. 17 U.S.C. §§ 106, 501. To succeed on a copyright

---

[1] GoTorch is a PlasmaCAM brand. Docket No. 43 at 1 n.1.

[2] Because this matter comes before the Court on a motion for default, the clause is unchallenged. Nevertheless, there is nothing in the record that "clearly shows that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *Niemi*, 770 F.3d at 1351 (quotations omitted).

infringement action, two elements must be met: (1) plaintiff has a valid copyright and (2) defendant copied plaintiff's original work. *La Resolana Architects v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff has made sufficient allegations in the complaint to meet both prongs. Plaintiff has exclusive rights to the copyrights of the software at issue in this case. Docket No. 1 at 3, ¶ 22. Plaintiff has also alleged that defendant "received an unauthorized copy" of the copyrighted software and "copied it onto . . . his computer." *Id.* at 4, ¶ 35.

Therefore, the Court finds that plaintiff has made a valid claim for copyright infringement.

### C. Statutory Damages

The victim of copyright infringement is entitled to actual damages, including any profits of the infringer, or to statutory damages. 17 U.S.C. § 504(a). Plaintiff states that it is unable to determine actual damages because it does not have a method of determining how many copies defendant made and sold. Docket No. 39 at 6. Instead, plaintiff requests $150,000 in statutory damages, which is the maximum amount allowable for willful infringement. *Id.*

The complaint alleges that defendant "received an unauthorized copy of the Protected Software and copied it onto one of [sic] more of his computers." Docket No. 1 at 4, ¶ 35. The Court has discretion to award statutory damages ranging from $750 to $150,000. § 504(c)(1)-(2) (stating that courts may award damages "as the court considers just"). While it is true that "the information needed to prove actual damages

8

is within the infringers' control," *Microsoft Corp v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) (citation and quotation omitted), the complaint here contains "no allegations . . . that [defendant] reaped any specific profits in connection with [his] infringement." *ME2 Prod., Inc. V. Ahmed*, 289 F. Supp. 3d 760, 763 (W.D. Va. 2018). "Nor does [] plaintiff provide any evidence as to the actual losses sustained." *Id.* Under these circumstances, with no assistance from plaintiff as to possible profits lost or gained, the Court finds that it is appropriate to award the statutory minimum of $750.

### D. Attorney's Fees

The Court "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to the prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 1033 (1994). There is no "precise rule or formula" for determining whether fees should be awarded. *Id.* However, the Supreme Court has endorsed four, non-exhaustive factors to consider: frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence. *Id.* at 1033 n.19. The Court addresses each in turn.

First, plaintiff's claim is not frivolous. Plaintiff learned in 2017 that its software had been "illegally hacked with complete, unlocked copies of the Protected Software with full functionality being sold on the black market." Docket No. 39 at 15, ¶ 4. That same year, plaintiff's "servers received a signal" that defendant was using an illegal copy of the software. *Id.* at 16, ¶ 7. Plaintiff's claim cannot be called frivolous in these circumstances.

9

Second, there does not appear to be any improper motivation on behalf of plaintiff. Plaintiff states that the "case was motivated by PlasmaCAM's desire to protect its valid copyrights." *Id.* at 10. The Court has no reason to doubt plaintiff's motivation, especially given the valid grounds for the suit.

Third, plaintiff's suit is objectively reasonable. As discussed in regards to frivolousness, plaintiff had valid reason to believe that defendant had illegally copied its software.

Fourth, considerations of compensation and deterrence lean in favor of attorney's fees. The Court is unable to determine actual damages. To ensure that plaintiff is compensated for pursuing this action against a dilatory defendant, attorney's fees are appropriate. A fee award would also serve to further deter defendant from continued infringement.

Although appropriate, the Court is unable to award attorney's fees at this time. Plaintiff has not provided the Court with a "lodestar amount," which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff has the burden of establishing the reasonableness of the fees. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Plaintiff therefore must submit to the Court a detailed calculation of its lodestar amount to receive attorney's fees.

### E. Injunctive Relief

Plaintiff requests that the Court issue a permanent injunction requiring defendant to "immediately and permanently destroy all files relating to, and copies of, Plaintiff's

copyright-protected software made or used by him in violation of Plaintiff's exclusive rights, as well as all such files in his possession, custody, or control from which additional copies may be reproduced." Docket No. 39 at 13. The Court has authority to issue such an injunction. See 17 U.S.C. §§ 502, 503(b).

Plaintiff directs the Court to *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), contending that the four-factor test described there applies to copyright infringement claims. Docket No. 39 at 7. The Court has previously concluded that *eBay* reaches beyond patent cases. See *Underwood v. Bank of Am. Corp.*, No 18-cv-02329-PAB-MEH, 2018 WL 6655913, at *5 (D. Colo. Dec. 19, 2018). The Court looked to cases from the Third and Ninth Circuits holding that the *eBay* principles apply to trademark infringement cases. See *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205 (3d Cir. 2014); *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239 (9th Cir. 2013). In *Herb Reed*, the Ninth Circuit held that a "plaintiff must establish irreparable harm" to "obtain a permanent injunction in a trademark infringement action." 736 F.3d at 1249. The Third Circuit held the same, reasoning that "[t]he rationale of the *eBay* decision was not that patent cases are somehow unique, but rather . . . that the decision whether to grant or deny injunction relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity." *Ferring*, 765 F.3d at 215.

The Court agreed with these cases, finding that district courts could not depart from the "long tradition of equity practice absent a clear congressional mandate to do so." *Underwood*, 2018 WL 6655913, at *3 (citation omitted). Similarly, the Tenth Circuit

has held that "[c]ourts may presume irreparable harm only when a party is seeking an injunction under a statute that *mandates* injunctive relief as a remedy for a violation of the statute." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1140 (10th Cir. 2017).[3]

For the reasons articulated in *Underwood*, the Court finds that the principles set out in *eBay* apply to plaintiff's copyright infringement claim. The Court must therefore evaluate plaintiff's request for injunctive relief under the well-established equitable principles used in granting injunctive relief. *See, e.g.*, *Salinger v. Colting*, 607 F.3d 68, 78-80 (2d Cir. 2010) (applying *eBay* to copyright infringement actions).

*eBay* requires plaintiff to "demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." 547 U.S. at 391 (citations omitted).

The Court finds that plaintiff has met its burden for injunctive relief. *See Purzel Video GmbH v. Smoak*, 70 F. Supp. 3d 1222, 1234 (D. Colo. 2014) (granting injunctive relief in an order for default judgment for copyright infringement). First, plaintiff has demonstrated irreparable harm. Defendant has illegally copied plaintiff's software and made an unknown number of copies, potentially selling those copies or giving them to others. Docket No. 1 at 4-5, ¶¶ 35-38. Defendant has not appeared in this action and,

---

[3] The Copyright Act does not mandate injunctive relief. *See* 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title *may* . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restraint infringement of a copyright." (emphasis added)).

therefore, has given no assurances to the Court that the infringing activity will stop.

Second, monetary damages are insufficient. Because defendant has not appeared, plaintiff and the Court do not know the extent of defendant's infringing conduct. Because of this, the Court awarded minimal statutory damages. The injunctive relief requested would ensure that defendant ceases the infringing conduct.

Third, an injunction would place minimal hardship on defendant. Indeed, "[t]he potential injury to an allegedly infringing party caused by an injunction merits little equitable consideration and is insufficient to outweigh the continued wrongful infringement." *Medias & Co., Inc. v. Ty, Inc.*, 106 F. Supp. 2d 1132, 1140 (D. Colo. 2000) (citation omitted).

Finally, the public would not be disserved by the issuance of an injunction. It is difficult to argue that the public would be disserved by requiring a copyright infringer to destroy any infringed works in his possession.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion for Entry of Default Judgment Against Defendant Troy Worden Upon Hearing [Docket No. 39] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that defendant Troy Worden shall pay $750 in statutory damages pursuant to 17 U.S.C. § 504(c) to plaintiff. It is further

**ORDERED** that plaintiff shall submit to the Court a calculation of its attorney's fees that complies with D.C.COLO.LCivR 54.3. It is further

13

**ORDERED** that defendant Troy Worden shall immediately and permanently destroy all files relating to, and copies of, plaintiff's software registered under United States Copy Right Office Registration Numbers TX 5-406-230 (reg. Jun. 29, 2001), TX 5-430-450 (reg. Jul. 6, 2001), TX 6-287-736 (reg. Dec. 5, 2005), TX 6-295-809 (reg. Dec. 6, 2005), TX 6-311-406 (reg. Mar. 22, 2006), TX 7-416-659 (reg. Mar. 8, 2011), TX 8-398-356 (reg. May 18, 2017), TX 8-412-030 (reg. May 22, 2017), as well as any versions and derivatives of those registered copyrights, made or used by him in violation of plaintiff's exclusive rights, as well as all such files in his possession, custody, or control from which additional copies of such software may be made.

DATED March 4, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge