IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02075-PAB-KMT

PLASMACAM, INC.,

    Plaintiff,

v.

TROY WORDEN,

    Defendant.

## ORDER

This matter is before the Court on plaintiff's Motion for Reconsideration [Docket No. 45]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This case involves allegations of unauthorized use and duplication of plaintiff's copyrighted software against Troy Worden, the sole remaining defendant. Docket No. 1 at 4-5, ¶¶ 35-38. On March 4, 2020, the Court granted plaintiff's motion for default judgment against defendant. *See* Docket No. 44. In doing so, the Court determined that it had subject matter jurisdiction due to plaintiff's federal copyright claim and personal jurisdiction over defendant based on a forum selection clause in the user agreement for plaintiff's software. *Id.* at 4-7. The Court concluded that plaintiff had made a case for copyright infringement. *Id.* at 7-8. However, the Court awarded the minimum statutory damages because plaintiff failed to provide any evidence "as to possible profits lost" by plaintiff or "gained" by defendant. *Id.* at 9.

On April 24, 2020, plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  *See* Docket No. 45 at 1.  Plaintiff argues that the Court's statutory damages award was in error because plaintiff submitted evidence that the market value of the software is $10,690.  *Id.* at 2-3.

As relevant here, Federal Rule of Civil Procedure 60(b) allows a court to grant relief from an order due to "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  Courts rarely grant Rule 60(b) motions, deferring instead to the need for finality and the appeals process.  *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.").

Plaintiff suggests that, because it filed evidence regarding the market value of the software with its motion, the Court made a mistake in failing to award the full market value of the software as statutory damages.  Docket No. 45 at 2-4.  The Court did not overlook plaintiff's evidence.  Rather, the Court noted that plaintiff is "unable to determine actual damages because it does not have a method of determining how many copies defendant made and sold."  Docket No. 44 at 8 (citing Docket No. 39 at 6).  Ultimately, the Court concluded that plaintiff neither offered any allegations regarding the "specific profits" defendant made with the infringement nor provided "any evidence" regarding plaintiff's "possible profits lost."  *Id.* at 9 (citations and quotations omitted).

The Court was aware of the market value of plaintiff's software when it awarded the statutory minimum of $750. However, the market value of the software does not provide the Court with any information regarding defendant's possible profits or plaintiff's possible losses. This issue is compounded by the fact that defendant had already downloaded a copy of the software – albeit with limited functionality – and plaintiff did not provide the Court with any information regarding the differences in price or value between the legally and illegally obtained software. Evidence of market value does not establish profits lost or gained. As a result, the Court did not misapprehend the evidence, and plaintiff has failed to meet its burden for altering the judgment pursuant to Rule 60(b).

It is therefore

**ORDERED** that plaintiff's Motion for Reconsideration [Docket No. 45] is **DENIED**.

DATED March 3, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge